**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GEORGE VASQUEZ, | : | |
| | : | Civil Action No. 07-5867 (JAG) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRUCE HAUK, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se                    Counsel for Respondents
George Vasquez                       Susan Marie Scott
Northern State Prison                Deputy Attorney General
168 Frontage Road                    R.J. Hughes Justice Complex
Newark, NJ 07114                     P.O. Box 112
                                     Trenton, NJ 08625

**GREENAWAY, JR.**, District Judge

Petitioner George Vasquez, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  The respondents are Administrator Bruce Hauk, the Attorney General of New Jersey, and the New Jersey Department of Corrections.

For the reasons stated herein, the Petition must be denied.

I.   <u>BACKGROUND</u>[1]

Petitioner is presently serving a seven-to-fourteen year sentence imposed pursuant to a conviction for various firearms offenses.

It is undisputed that, on September 16, 2005, Petitioner escaped from Northern State Prison.  Based upon the circumstances of his escape, he was charged with the following disciplinary infractions: *.101, escape; *.153, stealing (theft); *.009, misuse or possession of electronic equipment not authorized for use or retention by an inmate; and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility.

Petitioner was returned to Northern State Prison on April 20, 2006, a Thursday, was immediately placed into pre-hearing detention, and was served with disciplinary charges on April 21, 2006.  On Monday, April 24, 2006, Hearing Officer Jantz began the initial adjudicatory hearing regarding the charged infractions. The hearing was postponed because Petitioner became belligerent. On April 26, 2006, the hearing was postponed to obtain a psychological evaluation of Petitioner.  On April 28, 2006, the

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

hearing was postponed because Petitioner requested confrontation with certain witnesses, which then had to be scheduled, and for the hearing officer to review a videotape.  On May 2, 2006, the hearing was again postponed for the hearing officer to review the videotape.  On May 3, 2006, the hearing was postponed for the hearing officer to review the videotape and additional reports. On May 9, 2006, the hearing was postponed due to a power outage caused by a generator test.  The hearing was held and an adjudication made on May 12, 2006.

Hearing Officer Jantz found Petitioner guilty of all of the charged infractions.  On the *.101 escape charge, Petitioner was sanctioned with 15 days detention, 365 days administrative segregation and 365 days loss of commutation credit.  On the *.153 charge, Petitioner was sanctioned with 365 days administrative segregation and a 365 day loss of commutation credits.  On the *.009 charge, Petitioner was sanctioned with a 365 day loss of phone privileges, 365 days of administrative segregation, and a 365 day loss of commutation credits.  On the *.306 charge, Petitioner was sanctioned with 15 days of detention, 365 days of administrative segregation, and a 365 day loss of commutation credits.  All sanctions were ordered to run consecutively.

On April 25, 2007, the Superior Court of New Jersey, Appellate Division, affirmed the Department of Corrections'

3

decision.  On October 16, 2007, the Supreme Court of New Jersey dismissed Petitioner's appeal, having determined that the appeal did not raise a substantial constitutional question nor an issue warranting certification.

This Petition followed.  Respondents have answered and Petitioner has filed a Reply.  Respondents concede that Petitioner has exhausted his state remedies.  This matter is now ripe for adjudication.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

4

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).

Specifically, a state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas

court may consider the decisions of inferior federal courts. <u>Matteo v. Superintendent</u>, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. <u>Chadwick v. Janecka</u>, 302 F.3d 107, 116 (3d Cir. 2002) (<u>citing</u> <u>Weeks v. Angelone</u>, 528 U.S. 225, 237 (2000)).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal case law, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." <u>Priester v. Vaughn</u>, 382 F.3d 394, 398 (3d Cir. 2004) (citing <u>Early v. Packer</u>, 537 U.S. 3 (2002); <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).

### III.   <u>ANALYSIS</u>

Petitioner alleges that he has been deprived of liberty without due process, in violation of the Fourteenth Amendment,

because his disciplinary hearing was not conducted in a timely manner.

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a

sanction,[2] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, under the Fourteenth Amendment, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals,[3] and (3) a written

---

[2] The Constitution of the United States itself does not guarantee good time credits for satisfactory behavior in prison. New Jersey law does provide for such credits. See N.J. Stat. Ann. § 30:4-140 (2008).

[3] Prison officials must justify their refusal to call witnesses requested by the prisoner, but such justification need

statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action.  <u>Wolff</u>, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings.  <u>Id.</u> at 569-70.  Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member.  <u>Id.</u> at 570.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record. <u>Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill</u>, 472 U.S. 445, 454-56 (1985).

Overall, when a prisoner is transferred to more restrictive custody in connection with a disciplinary charge, the hearing must occur "within a reasonable time."  <u>Hewitt v. Helms</u>, 459 U.S.

_____

not be presented at the time of the hearing.  To the contrary, the explanation for refusal to call witnesses requested by the prisoner may be provided through court testimony if the deprivation of a liberty interest is challenged because of that claimed defect in the hearing.  <u>See</u> <u>Ponte v. Real</u>, 471 U.S. 491 (1985).  "{P]rison officials may deny a prisoner's request to call a witness in order to further prison security and correctional goals.  ...  [T]he burden of persuasion as to the existence and sufficiency of such institutional concerns is borne by the prison officials, not by the prisoners."  <u>Grandison v. Cuyler</u>, 774 F.2d 598, 604 (3d Cir. 1985).

460, 472 (1983) (relied upon in <u>Layton v. Beyer</u>, 953 F.2d 839, 849-50 (3d Cir. 1992)).

Similarly, New Jersey law provides for certain procedural protections in connection with prison disciplinary proceedings. Under New Jersey law, as prison disciplinary proceedings are not part of a criminal prosecution, the full spectrum of rights applicable to criminal prosecutions does not apply.  <u>See</u> <u>Avant v. Clifford</u>, 67 N.J. 496, 522 (1975).  Prisoners accused of disciplinary infractions are entitled to written notice of the charge at least twenty-four hours prior to the hearing; an impartial tribunal; limited rights to present witnesses and documentary evidence; limited rights of confrontation and cross-examination; assistance of counsel at hearings; and a written statement of the evidence relied upon and the reasons for the sanctions imposed.  <u>See</u> <u>Avant</u>, 67 N.J. at 525-30; <u>McDonald v. Pinchak</u>, 139 N.J. 188 (1995); <u>Jacobs v. Stephens</u>, 139 N.J. 212 (1995).

Specifically, with respect to the timeliness of disciplinary hearings, inmates placed in pre-hearing detention, such as Petitioner here,

> shall receive a hearing within three days of their
> placement in prehearing detention, including weekend
> and holidays, unless there are exceptional
> circumstances, unavoidable delays or reasonable
> postponements.  Should the third day fall on a
> Saturday, Sunday or holiday, the hearing shall be held
> on the weekday immediately following the weekend or
> holiday.

N.J. Admin. Code § 10A:4-9.8(c).

The failure to adhere to this time limit, however, "shall not mandate the dismissal of a disciplinary charge." N.J. Admin. Code § 10A:4-9.9. Rather, the Hearing Officer "may, in its discretion," dismiss a disciplinary charge because of a violation of the time limits. Such discretion is to be guided by the following factors: the length of the delay, the reason for the delay, prejudice to the inmate in preparing a defense, and the seriousness of the alleged infraction. N.J. Admin. Code § 10A:4-9.9.

In this matter, affirming the sanctions imposed on Petitioner, the Appellate Division held:

> On appeal Vasquez argues that he was denied due process by reason of the delays noted above. After carefully considering the record and briefs, we are satisfied that Vasquez's arguments are without sufficient merit to warrant discussion in a written opinion. ... However, we note that although the applicable DOC regulation, N.J.A.C. 10A:4-9.8(c), generally calls for a hearing to be held within three days of placement in prehearing detention, the hearing may be adjourned for "exceptional circumstances, unavoidable delays or reasonable postponements." Each adjournment that occurred here fits well within the parameters of the regulation. In short, there was no denial of due process.

(Opinion of Appellate Division at 2-3 (April 25, 2007).)

The Appellate Division decision is neither contrary to, nor an unreasonable application of, clearly established federal law, nor is it based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's hearing commenced

within the required three days of his placement in prehearing detention, allowing for the conclusion of that period on a Sunday, and concluded within 23 days after his placement in prehearing detention.  The various adjournments fit within the parameters of the applicable regulation, that is, they were reasonable.  Moreover, the regulation does not create for Petitioner any right to dismissal of disciplinary charges upon failure to comply with the time limits.

Petitioner's reliance on N.J.A.C. § 10A:4-5.3, limiting imposition of the sanction of disciplinary detention, is similarly misplaced.  Section 10A:4-5.3(a) provides that all disciplinary charges pending when an inmate begins serving time in disciplinary detention must be adjudicated prior to the completion of the inmate's disciplinary detention time, that no inmate may receive more than 15 days in disciplinary detention as the result of a single disciplinary charge, and that, if an inmate is found guilty of more than one disciplinary charge arising out of one incident, the inmate may receive no more, cumulatively, than 30 days.

Petitioner received 30 days, cumulatively, in disciplinary detention.  Further, his adjudication was completed within that time.  Even if it were not, the regulation requiring adjudication of disciplinary charges prior to the completion of the inmate's

disciplinary detention time does not create for Petitioner any right to dismissal of the disciplinary charges.

Moreover, taking into account the seriousness of the charges, the need to review videotape evidence, the need to review Petitioner's requests to confront and cross-examine witnesses, and the need to review confidential information, the hearing commenced and concluded within a reasonable time, as required by federal law. Petitioner does not allege, and the record does not reflect, that Petitioner experienced any prejudice as a result of the timing of the hearing.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Jurists of reason would not

13

disagree with this Court's resolution of Petitioner's claims.

Accordingly, no certificate of appealability shall issue.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  October 29, 2008